[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DISCOVERY
CT Page 4018
 Background
The parties have had a long and contentious dispute concerning a set of interrogatories and requests for production submitted to the defendant by the plaintiff. The case is a claim for underinsured motorist benefits under a policy issued by the defendant. However, the plaintiff has also asserted counts alleging CUIPA/CUTPA violations and allegations of bad faith and unfair settlement practices.
The plaintiff propounded a series of interrogatories and requests for production. These requests did not comply with the provisions of Practice Book § 13-6(b) limiting discovery, absent permission of the court, in personal injury claims involving automobiles. The defendant, adopting the posture that the discovery was barred without prior court approval, did not provide any meaningful response.
The defendant did file, in an untimely fashion, an extensive set of objections to the discovery requests. The plaintiff asserted that defendant was required to answer ALL inquiries and requests because the defendant `waived' its right to object by not complying with the time provisions of Practice Book § 13-7(a)(4).
When this court finally sorted out the procedural issues and the positions of the parties, the parties agreed to the court's suggestion:
 The defendant waived its claim, for purposes of this case only, that Practice Book § 13-6(b) limited discovery absent consent of the court. The plaintiff waived its claim, for purposes of this case only, that the defendants objections could not be heard because of a time bar. The parties agreed the court would rule on each interrogatory and request.
 RULINGS
For clerical convenience, the following shorthand is used for the court's rulings:
O = the defendant's objection is overruled and compliance will be completed within thirty (30) days.
S = the defendant's objection is sustained and no response is required.
OB = the defendant's objection is overruled except that information or CT Page 4019 materials developed by the defendant, before the retention of counsel, in this matter will be provided to the plaintiff.
 Interrogatories
1-O, 2-O, 3-O, 4-O, 5-O, 6-O, 7-O, 8-O, 9-O, 10-O, 11-O, 12-O, 13-O, 14-O, 15-O, 16-S, 17-S, 18-S, 19-S. 20-S, 21-O, 22-S, 23-S, 24-S, 25-S, 26-S, 27-O, 28-O, 29-O, 30-O, 31-O, 32-0, 33-OB, 34-OB, 35-OB, 36-OB, 37-OB, 38-OB, 39-O, 40-OB, 41-0, 42-O, 43-O, 44-O, 45-OB, 46-OB, 47-OB, 48-OB, 49-OB, 50-O, B51-OB, 52-OB, 53-OB, 54-OB, 55-OB, 56-OB, 57-OB, 58-OB, 59-OB, 60-OB, 61-OB, 62-OB, 63-OB, 64-OB, 65-S, 66-S, 67-S, 68-S, 70-S, 71-S, 72-S, 73-S, 74-S, 75-S, 76-S, 77-S, 78-S, 79-OB and 80-OB.
 Requests for Production
1-OB, 2-O, 3-O, 4-O, 5-O, 6-BR, 7-OB, 8-OB, 9-O, 10-OB, 11-OB, 12-OB, 13-OB, 14-OB, 15-OB, 16-OB, 17-OB, 18-OB, 19-S, 20-S, 21-S, 22-S, 23-S, 24-S, 15-S and 26-OB.
 Conclusion
It should be patent to all that the limitation(s) placed on discovery in Practice Book § 13-6(b) cannot be reasonably read to apply to an entire complaint simply because one count (cause of action) is stated which involves a motor vehicle liability related matter when the same complaint contains other non-motor vehicle liability claims. In other words, in actions such as this, where there are motor vehicle and non-motor vehicle counts asserted, the limitation provisions of Practice Book § 13-6(b) apply ONLY TO THAT COUNT. Discovery on all other counts may be freely had, without prior court approval under the provisions of Practice Book § 13-6(a).
SO ORDERED
Daniel E. Brennan, Jr., Judge